UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH BENSON,

    Plaintiff,

v.                                                                               Case No. 23-C-1678

KEVIN A. CARR, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Joseph Benson, who is representing himself, filed this 42 U.S.C. § 1983 lawsuit, alleging that he was denied various religious accommodations while he was housed at the Kettle Moraine Correctional Institution (KMCI), Chippewa Valley Correctional Treatment Facility (CVCTF), Dodge Correctional Institution (DCI), and Fox Lake Correctional Institution (FLCI). The Court screened the amended complaint and allowed Plaintiff to proceed on First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims against Defendants Department of Corrections Secretary Kevin Carr, Warden Michael Meisner, Warden Jon Noble, Security Director Jason Wunderlich, Chaplin Charlie Weiley, Chaplin Daniel Coate, and Chaplin David Damkot. Dkt. Nos. 12-13.

On October 3, 2024, KMCI Chaplin Weiley, KMCI Chaplin Damkot, and FLCI Chaplin Coate filed a motion for partial summary judgment on exhaustion grounds. Dkt. No. 22. Defendants have since voluntarily withdrawn the motion as to all claims except Plaintiff's religious diet claim against FLCI Chaplin Coate. *See* Dkt. No. 38 at 1. Because the undisputed facts show that Plaintiff never filed any inmate complaints regarding Chaplin Coate's denial of his religious

diet, the Court will grant the motion for partial summary judgment with respect to that claim and deny the remainder of the motion based on Defendants' voluntary withdrawal of the motion.

## UNDISPUTED FACTS

Plaintiff alleges that FLCI Chaplin Coate denied his requests for communal worship in the chapel for "honor days," Nation of Gods & Earths (NGE) related books/texts/scripture, a Halal/Kosher diet, and a volunteer spiritual leader. Dkt. Nos. 12-13. Plaintiff filed five inmate complaints in connection with his confinement at FLCI. *See* Dkt. No. 25-1 at 3. Only two involved complaints about his religion. *Id*. In the first inmate complaint, FLCI-2024-8371, Plaintiff complained about the "denial/ban on Black Theology Text." Dkt. No. 25-4 at 10. He asserted that the review of his books impedes his religious studies. Plaintiff stated:

> I have filed a 1983 for the discrimination theologically & not allow NGE studies or material, nor practices. I was directed by the OOS O'Donnell to order books to study my religious text & I did and was not given my ordered book "The Book of God." Bible, Korans, Torah etc. are not reviewed, why is a Black God Book by Dr. Wesley being reviewed? This is theological discrimination proving my case.

*Id*. In the second inmate complaint, FLCI-2024-10213, Plaintiff complained about a "blanket ban on NGE Books." Dkt. No. 25-5 at 8. He requested that his "book be given to [him] ASAP" and sought an "injunction against any blanket bans of essential NGE Material & Honor." *Id.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of

the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

"[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)). The exhaustion requirement "protects the prison's administrative authority" by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court. *Schillinger*, 954 F.3d at 995-96. Inmates must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code § DOC 310.05. An inmate must file a complaint with the ICE within 14 calendar days of the relevant occurrence. Wis. Admin. Code §§ DOC 310.03(5);

3

310.07(2). Each complaint may contain "only one clearly identified issue" and must contain "sufficient information for the department to investigate and decide the complaint." § DOC 310.07(5)-(6). An inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). But the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 650. The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger*, 954 F.3d at 995-96).

Defendants contend that Plaintiff never filed any inmate complaints regarding the denial of his religious diet by FLCI Chaplin Coate. Dkt. No. 38. Plaintiff only filed two inmate complaints related to his religion while at FLCI. Although both complaints concerned the denial of Plaintiff's request for certain religious books and his assertion that the institution had a "blanket ban" on all NGE books and materials, neither complaint mentioned Plaintiff's request for a religious diet. *See* Dkt. No. 25-1 at 3; Dkt. Nos. 25-4 & 25-5.

Plaintiff argues that, even though his inmate complaints did not discuss Chaplin Coate's denial of his request for a religious diet, he indicated in his inmate complaints that the institution must stop any theological discrimination against him. He asserts that requiring an inmate to identify every possible legal theory in a grievance "would be unfair and possibly invalid." Dkt. No. 30 at 4. Plaintiff contends that Defendants had notice of this claim because he filed several interview request forms (DOC-0643) and request for a new religious practice and property forms (DOC-2075) that mentioned the denial of his religious diet. *See* Dkt. No. 30 at 4-5 (Plaintiff indicated that Chaplin Coate denied his request for a religious diet in a DOC-0643 form); *see also* Dkt. No. 33-1 (noting that Plaintiff filed several DOC-2075 forms at FLCI).

But the ICRS makes clear that, to initiate grievance procedures, "[a]n inmate shall file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). The Seventh Circuit "has taken a strict compliance approach to exhaustion," and a prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Because Plaintiff did not mention the denial of a religious diet in his inmate complaints, the institution did not have notice to investigate or attempt to resolve that issue through the proper grievance process. Plaintiff failed to exhaust his administrative remedies for his claim that FLCI Chaplin Coate denied his request for a religious diet; therefore, the Court will grant Defendants' motion for summary judgment as to that claim.

## CONCLUSION

For these reasons, Defendants' motion for partial summary judgment (Dkt. No. 22) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to the religious diet claim against FLCI Chaplin Coate and that claim is dismissed. The motion is denied in all other respects based on Defendants' voluntary withdrawal of the remainder of the motion.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of April, 2025.

William C. Griesbach
United States District Judge