UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH BENSON,

        Plaintiff,

     v.                                      Case No. 23-C-1678

KEVIN A. CARR, et al.,

        Defendants.

## DECISION AND ORDER

On April 2, 2025, the Court granted Defendants' motion for partial summary judgment on exhaustion grounds and dismissed Plaintiff Joseph Benson's religious diet claim against Fox Lake Correctional Institution Chaplin Daniel Coate. Dkt. No. 59. The Court concluded that Wisconsin's Inmate Complaint Review System (ICRS) required Plaintiff to raise all claims involving prison conditions, including those involving the denial of a religious diet, in an inmate complaint form (DOC-400) and that Plaintiff never filed an inmate complaint raising that issue. *Id*. at 3-5. The Court noted that the other documents Plaintiff filed regarding his religious diet—interview request forms (DOC-0643) and new religious practice and property forms (DOC-2075)—did not comply with the ICRS grievance process to initiate an inmate complaint. *Id*. The Court also explained that the inmate complaints Plaintiff *did* file—FLCI-2024-8371 and FLCI-2024-10213—were inadequate to give the institution notice of his religious diet claim. *Id*.

On April 18, 2025, Plaintiff filed a motion for reconsideration. Along with his motion, Plaintiff filed a DOC-2167 Religious Diet Request form, which Plaintiff argues properly raised his religious diet claim. Dkt. No. 60-1 at 3. Plaintiff states that Chaplin Coate improperly denied his

religious diet request using this form because he did not understand Plaintiff's religion. Dkt. No. 60. Plaintiff also attached other documents associated with an inmate complaint he filed at the Dodge Correctional Institution in 2023 that are irrelevant to the religious diet claim at Fox Lake. *See* Dkt. No. 60-1 at 5.

The Court will deny the motion for reconsideration because Plaintiff has not identified any manifest error of law or fact or newly discovered evidence under Rules 59(e) and 60(b). *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). As previously explained, the ICRS makes clear that, to initiate grievance procedures, "[a]n inmate shall file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). "Each complaint shall . . . [b]e submitted on a complaint form provided by the department." § DOC 310.07(3)(a). The Seventh Circuit "has taken a strict compliance approach to exhaustion," and a prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Plaintiff was required to file an inmate complaint "on a complaint form provided by the department" (DOC-400) to initiate the ICRS process, and he could not use any other document—DOC-0643, DOC-2075, or DOC-2167—to file an inmate complaint. In other words, once Chaplin Coate denied his religious diet request using a DOC-2167 form, Plaintiff was required to raise the issue of that allegedly improper denial within 14 days using an inmate complaint form. Plaintiff did not do this, so he failed to exhaust all available administrative remedies. Although Plaintiff attempts to argue the merits of his religious diet claim, the Court has no judicial discretion to make a merits-based exception to exhaustion. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). Therefore, the Court will deny the motion for reconsideration.

2

Case 1:23-cv-01678-WCG   Filed 05/07/25   Page 2 of 3   Document 67

On April 28, 2025, Plaintiff filed a motion for an extension of time to respond to Defendants' motion for summary judgment on the merits. Dkt. No. 61. Plaintiff states that his response materials were due April 21, 2025, but he needs 72 extra hours to file his response materials. *Id*. Plaintiff explains that the institution's library currently has no librarian and two "school teachers" are filling in, but they are making a lot of mistakes and causing delays. *Id*. On April 30, 2025, the Court received Plaintiff's response materials. Dkt. Nos. 62-65. Therefore, the Court will grant the motion for an extension of time and will deem Plaintiff's response materials timely filed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (Dkt. No. 61) is **GRANTED**. Plaintiff's response materials received on April 30, 2025, are deemed timely filed.

Dated at Green Bay, Wisconsin this 7th day of May, 2025.

William C. Griesbach
United States District Judge